UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :
                                                :   CASE NO. 1:06-CR-311
            Plaintiff,                          :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 45.]
TAMARO TATE,                                    :
                                                :
            Defendant.                          :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Tamaro Tate, *pro se*, moves the Court to allow the Defendant to withdraw his guilty plea and to vacate his sentence. [Doc. 45.] On May 27, 2010, the Defendant waived a hearing and pleaded guilty to two violations of the conditions of his supervised release. The Court then sentenced Tate to twenty-six months of incarceration. [Doc. 44.]

Approximately two weeks later, Tate filed the instant motion to withdraw his guilty plea. [Doc. 45.] Tate claims that he should be allowed to withdraw his plea because he is innocent of the underlying state offense. The United States of America opposes Tate's motion, arguing that the Court is without jurisdiction to consider the Defendant's motion. [Doc. 49.]

Federal Rule of Criminal Procedure 11(e) provides that: "After the Court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." *See also United States v. Teall*, 100 Fed. App'x 422 (6th

Case No. 1:06-CR-311
Gwin, J.

Cir. 2004) (holding that under Rule 11(e) "a guilty plea may not be withdrawn after the sentencing hearing"). "Amended Rule 11(e) is a new provision, taken from current Rule 32(e), that addresses the finality of a guilty or nolo contendere plea after the court imposes sentence. The provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." Fed. R. Crim. P. 11 advisory committee's note (2002). The Sixth Circuit has held that the old Federal Rule of Criminal Procedure 32(e)--the predecessor to the current Rule 11(e)--deprives a district court of jurisdiction to consider a motion to vacate a guilty plea after it has sentenced the defendant, unless that motion is explicitly brought as a collateral challenge. *United States v. Harding*, 32 F.3d 569 (Table), 1994 WL 381801, at *2 (6th Cir. 1994) (citing *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993)).

Because Defendant Tate filed his motion to withdraw his guilty plea after the Court had already imposed a sentence in this case, the Court finds that it is without jurisdiction to consider the motion under Federal Rule of Criminal Procedure 11(e). Accordingly, the Court **DENIES** the Defendant's motion. [Doc. 45.]

IT IS SO ORDERED.

Dated: August 4, 2010               s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

-2-